# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LEWIS DEAN GIBSON, a/k/a Dean
Forney,
          *Defendant-Appellant.*

No. 02-4182

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-97-310)

Submitted: December 19, 2002

Decided: January 16, 2003

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Allen E. Shoenberger, LOYOLA LAW SCHOOL, Chicago, Illinois, for Appellant. Robert J. Conrad, Jr., United States Attorney, Charlotte, North Carolina; Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Lewis Dean Gibson appeals from his amended judgment imposed after re-sentencing in accordance with our opinion affirming his conviction for violation of 21 U.S.C.A. § 846 (West 1999) and vacating and remanding the case for resentencing in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Gibson received a 240-month term of imprisonment on re-sentencing.

Gibson challenges his conviction and sentence arguing that he suffered a constitutional violation by the indictment's failure to charge a specific drug quantity and the failure of facts used to determine his sentence to be found by a jury beyond a reasonable doubt. We hold that Gibson's 240-month conviction and sentence do not violate the principles of *Apprendi* and its progeny, including *Ring v. Arizona*, 122 S. Ct. 2428 (2002). *See United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002); *United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Finally, Gibson challenged the district court's determination of drug quantity. We find that the district court did not clearly err in its determination. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (clear error standard of review); *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989) (witness credibility is not subject to appellate review).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*